FILED

MAY 2 0 2025

BONNIE HACKLER
Clerk, U.S. District Court

By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Michael-James:Kaseca, DAWES ALLOTTEE ID No. 823L025123,
Petitioner / Plaintiff, appearing In Propria Persona, Pro Se

v.

John Raymond Johnson, et al.,
Respondents / Defendants

Case No.: CIV-25-133-RAW-SPS

AMENDED COMPLAINT FOR VIOLATION OF TREATY RIGHTS

Petitioner, Michael-James:Kaseca, appearing in propria persona, and identified as a Dawes Allottee No. 823L025123 and Tribal Treaty Beneficiary, respectfully submits this Amended Complaint pursuant to the Court's docketed matter CIV-25-133-RAW-SPS, originally filed April 28, 2025.

This Amended Complaint is grounded in violations of:

- The Treaty of Greenville, 7 Stat. 49 (1795),
- The Supremacy Clause of the U.S. Constitution (Art. VI, cl. 2),
- The Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901–1903, 1914,
- The Oklahoma Indian Child Welfare Act (OICWA, 1982), Okla. Stat. tit. 10, §§ 40–40.9,
- 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. §§ 1151–1153,
- And the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968.

Petitioner alleges that federal, state, and tribal officials—under color of law and corporate authority—conspired to violate treaty-protected rights, disrupt tribal family structures, suppress protected speech, and retaliate against lawful whistleblowing regarding abuse and corruption. These actions occurred within Indian Country, within the meaning of 18 U.S.C. § 1151, and are subject to federal enclave jurisdiction and treaty enforcement.

I. JURISDICTION AND VENUE

1. Jurisdiction is proper under the following statutes and doctrines:

- The Trade and Intercourse Acts of 1793, 1796, and 1799,
- The Supremacy Clause of the United States Constitution (Art. VI, cl. 2),
- 18 U.S.C. §§ 1151–1153 (Indian Country Crimes Act & Major Crimes Act),
- 25 U.S.C. §§ 1901–1903 (Indian Child Welfare Act),
- 25 U.S.C. § 1914, authorizing parents or Indian custodians to petition a court of competent jurisdiction to invalidate custody actions that violate ICWA procedural protections under §§ 1911–1913,
- Okla. Stat. tit. 10, §§ 40–40.9 (Oklahoma Indian Child Welfare Act),
- 28 U.S.C. § 1331 (federal question),
- 28 U.S.C. § 1343 (civil rights violations under color of law),
- 28 U.S.C. § 1362 (actions by Indian tribes or individual Indians),
- 28 U.S.C. § 1367 (supplemental jurisdiction),
- 28 U.S.C. § 1651 (All Writs Act),
- 31 U.S.C. §§ 3729–3733 (False Claims Act),
- 42 U.S.C. § 1983 (deprivation of rights under color of law),
- 42 U.S.C. § 1985 (civil conspiracy),
- 18 U.S.C. §§ 1961–1968 (Racketeer Influenced and Corrupt Organizations Act),
- The Federal Enclaves Doctrine.

2. Venue is proper in the Eastern District of Oklahoma under 28 U.S.C. § 1391(b) because the events and acts giving rise to this action occurred within this judicial district.

## II. PARTIES

| # | Defendant | Capacity / Role (all had knowledge of abuse & retaliation) |
|---|---|---|
| No. | Defendant | Capacity / Role |
| 1 | John Raymond Johnson | Tribal Governor – Absentee Shawnee Tribe (**RICO Ringleader – Aided and Abetted All Claims**) |
| 2 | Diane Ponkilla | Lt. Governor – Absentee Shawnee Tribe (**RICO Ringleader – Aided and Abetted All Claims**) |
| 3 | Misty McGirt | Secretary – Absentee Shawnee Tribe (**RICO Ringleader – Aided and Abetted All Claims**) |
| 4 | Joseph Blanchard | Treasurer – Absentee Shawnee Tribe (**RICO |

| | | |
|---|---|---|
| | | Ringleader – Aided and Abetted All Claims**) |
| 5 | Anthony Johnson | Representative – Absentee Shawnee Tribe (**RICO Ringleader – Aided and Abetted All Claims**) |
| 6 | Gary Pitchlyn | Attorney General – Absentee Shawnee Tribe (**Participated in RICO Enterprise**) |
| 7 | Shawnee Martinez, Paige LittleCharley, Kerri Stringer | ICWA Department – Absentee Shawnee Tribe OICWA Violations/Treaty Rights of Parents |
| 8 | Absentee Shawnee Police Department – All Personnel | Failure to protect, obstruction of justice, false imprisonment |
| 9 | Hobbs, Straus, Dean and Walker LLP | Legal counsel enabling ICWA violations |
| 10 | Fredericks Peebles & Morgan LLP | Legal counsel enabling treaty breaches |
| 11 | Modoc Tribe | Interference in Indian child welfare proceedings |
| 12 | Chickasaw Nation OKDHS | Collusion with state actors against Petitioner |
| 13 | Athea Fletcher | Aider & Abettor of tribal interference |
| 14 | Edwina Wolf-Butler | Participated in unlawful custody actions and RICO |
| 15 | Victor Flores | Conspired with state and tribal actors of ASEDA |
| 16 | David Deer and Michael Deer HEMP/(ASEDA) | Involved in retaliation & misuse of tribal resources |
| 17 | Michael Smith | Complicity in systemic abuse |
| 18 | James Stuart | Aider & Abettor in civil rights violations |
| 19 | Brandy Nowakowski | Facilitated unlawful decisions |
| 20 | Mat Thomas | Participated in child welfare abuses |
| 21 | Daniel Couch | Failed to report or intervene in misconduct |
| 22 | Michael Warwick | ICWA-related interference and coverup |
| 23 | Chelsea Cope | Court Clerk involved in unconstitutional orders |

| 24 | Ashley Stanley | Deputy Court Clerk – facilitated unlawful filings |
|---|---|---|
| 25 | Elizabeth Snow | HR Director – refused tribal preference and relief |
| 26 | Casey Adams, Jennifer Dixon, Lauren Parish, Katie Carlaw, Courtney Bruner | HR Dept – ASEDA / Tribal Enterprise conspiracy |
| 27 | Hailey Scroggins | HR – Knew of abuse and retaliation |
| 28 | Jeff Rabon | ASEDA – failed to uphold federal protections |
| 29 | Sandra Vaughn, Darren Shields, Mike Affentranger, Tim Burg | ASEDA Board – coordinated economic and legal retaliation |

## III. STATEMENT OF FACTS

### A. 1991: Systemic Failure to Protect Native Children

1. In 1991, Baby Kaseca was adopted out to non Indigenous people and has found her biological dad from ancestry and 23 and me DNA results to locate family members and FB volunteers to unite adopted children with Parents. (Exhibits text printout).
2. .OICWA Violations, Treaty violations, Tribes Code of Laws
3. This deliberate inaction enabled ongoing abuse and later fueled retaliation against Plaintiff when he reported these failures.

### B. 1994: Systemic Failure to Protect Native Children

4. BIA CFR Court, judge Phil Luan and Chickasaw Nation April Buck coerced Dawes Allottee into an Imposter Tribal Court custody proceeding (Exhibit   ).
5. Dawes Allottee Michael-James:Kaseca and Thomas-James:Kaseca are Federally Protected under the Treaty of Greenville and Tribes Code of Laws (Exhibit)

Oklahoma DHS and Absentee Shawnee Imposter Tribal Court and Chickasaw Nation Imposter tribal Court lawyer April Buck et al; and Modoc Nation TEPP: Kent Walden et al; possessed these records. Every Defendant had actual or constructive knowledge of Supremacy Clause and OICWA and failed to act, violating ICWA, the Treaties of Greenville and constitutional dueprocess mandates

### C. 2008: Systemic Failure to Protect Native Children

6. court order granted mother emergency custody; Absentee Tribal Court Judge Carla Haddad in the matter of guardianship emergency temporary order civ 0808 September

10, 2008 – Violation of OICWA and Tribes Codde of Laws. weeks after Biological father discovered the RICO take-over. (Exhibit 20).

7. Biological dad upon discovery of the Rico voluntararly disenrolled off the corporate roll back to the major shareholder and voted on by resolution No. E-AS-2008-75. (No Jurisdiction over MJK) Oklahoma DHS and Absentee Shawnee Imposter Tribal Court and Chickasaw Nation Imposter tribal Court lawyer April Buck et al; and Modoc Nation TEPP : Kent Walden et al; possessed these records. Every Defendant had actual or constructive knowledge of Supremacy Clause and OICWA and failed to act, violating ICWA, the Treaties of Greenville and constitutional dueprocess mandates

D. Retaliation & Judicial Misconduct

10. Defendants filed false criminal charges, suppressed exculpatory evidence, and issued unlawful custody and arrest orders (2021) to punish Plaintiff's whistleblowing.(CIV-21-538-D)

11. While presiding over related criminal matters, Judges of the Imposter Tribal Courts (Absentee Shawnee, BIA, Chickasaw Nation, Modoc Nation), demonstrating bias and ex parte contact.

E. Exhaustion of Remedies

12. Plaintiff exhausted all available administrative and tribal remedies:
• Tribes Chief Calvin White ,

 IN THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF OKLAHOMA CIV-21-538-D.

OKLAHOMA ATTORNEY GENERAL MIKE HUNTER 2021

SECRETARY OF THE INTERIOR DEB HAULAND 2021

.

Petitioner is the natural parent of minor children who are federally recognized treaty beneficiaries under the Treaty of Greenville, 7 Stat. 49 (1795). The children were unlawfully removed in violation of ICWA, OICWA, and related federal protections. These removals lacked lawful court orders, qualified expert testimony, and the "active efforts" standard required by 25 U.S.C. § 1912(d).

IV. CAUSES OF ACTION

Petitioner asserts causes of action including but not limited to:

1. Violation of Sixth Amendment – Right to Counsel (42 U.S.C. § 1983)
2. Retaliation for Protected Speech (First & Fourteenth Amendments)
3. Brady / Evidence Suppression
4. ICWA Violations (25 U.S.C. §§ 1911, 1912, 1920)
5. Fraudulent Guardianship & FERPA Breach
6. Deprivation of Rights Under Color of Law (18 U.S.C. § 242)
7. Civil Rights Conspiracy (42 U.S.C. § 1985(3))
8. RICO Pattern (18 U.S.C. §§ 1961–1968)
9. Treaty & Federal Trust Violations

## V. DAMAGES

| Category | Amount |
| --- | --- |
| Lost wages & earning capacity | **$7 Billion** |
| Pain & suffering (Aug 1995–present) | **$21 Million** |
| Litigation expenses | **$7 Million** |
| Punitive (to deter egregious conduct) | **$5 Billion** |

Equitable and Injunctive Relief:
- Immediate reunification or custody review of treaty-protected children.
- Court order to vacate all unlawful tribal and state custody orders.
- Protective order against further retaliation, especially in employment or court.

Declaratory Relief:
- Declare that tribal corporations involved acted outside the scope of treaty-based and constitutional authority.
- Declare removals unconstitutional under ICWA, OICWA, and the Treaty of Greenville.

Systemic Reform Orders:
- Appointment of a federal monitor or special master to oversee tribal ICWA compliance.
- Referral to the DOJ Civil Rights Division for investigation under 42 U.S.C. §§ 1983 & 1985.

Petitioner seeks damages including lost wages, pain and suffering, litigation costs, and punitive damages.

## VI. PRAYER FOR RELIEF

Petitioner respectfully requests declaratory and injunctive relief, compensatory and punitive damages, correction of public records, and systemic reforms.

## VII. EXHIBIT INDEX

Exhibit A – Text of 25 U.S.C. §§ 1901–1903 (ICWA)
Exhibit B – United States v. John, 437 U.S. 634 (1978)
Exhibit C – Worcester v. Georgia, 31 U.S. 515 (1832)
Exhibit D – Ex parte Crow Dog, 109 U.S. 556 (1883)
Exhibit E – Oneida Indian Nation v. County of Oneida, 414 U.S. 661 (1974)
Exhibit F – Griffin v. Breckenridge, 403 U.S. 88 (1971)
Exhibit G – Monell v. Dept. of Social Services, 436 U.S. 658 (1978)
Exhibit H – Oklahoma Indian Child Welfare Act, Okla. Stat. tit. 10, §§ 40–40.9 (1982)

Respectfully submitted,

Michael-James:Kaseca

In Propria Persona

May 16, 2025

- Discharge or cancellation of federal student loan debt based on economic hardship, treaty obligations, and federal trust responsibilities.

By Michael James Kasec

## EXHIBITS – AMENDED WRIT OF HABEAS CORPUS

### Exhibit A – Text of 25 U.S.C. §§ 1901, 1902, and 1903 (ICWA)
These sections of the Indian Child Welfare Act (ICWA) affirm the federal government's commitment to protecting the best interests of Indian children and preserving tribal integrity. Section 1901 provides Congressional findings; Section 1902 states the purpose and policy; and Section 1903 defines key terms like 'Indian child' and 'Indian tribe'.

### Exhibit B – United States v. John, 437 U.S. 634 (1978)
The U.S. Supreme Court held that Indian Country is a federal enclave under federal jurisdiction even within state boundaries. This case confirms that federal law applies in Indian Country, preempting state jurisdiction.

### Exhibit C – Worcester v. Georgia, 31 U.S. 515 (1832)
Established the principle that Indian nations are distinct political communities with sovereign authority. States have no jurisdiction over Indian Country unless authorized by Congress.

**Exhibit D – Ex parte Crow Dog, 109 U.S. 556 (1883)**
Held that federal courts lacked jurisdiction over crimes committed by one Indian against another in Indian Country, affirming tribal sovereignty in criminal matters absent Congressional intervention.

**Exhibit E – Oneida Indian Nation v. County of Oneida, 414 U.S. 661 (1974)**
Confirmed that tribal land claims arising from treaties are justiciable in federal court under federal question jurisdiction (28 U.S.C. § 1331).

**Exhibit F – Griffin v. Breckenridge, 403 U.S. 88 (1971)**
Clarified that 42 U.S.C. § 1985(3) covers private conspiracies to violate civil rights, provided there's a racial or class-based discriminatory motive.

**Exhibit G – Monell v. Department of Social Services, 436 U.S. 658 (1978)**
Held that local governments and their officials may be liable under 42 U.S.C. § 1983 when official policies or customs cause co

## Exhibit H

Oklahoma Indian Child Welfare Act (OICWA), Okla. Stat. tit. 10, §§ 40–40.9 (1982)

### Section 40 – Short Title
This act shall be known and may be cited as the Oklahoma Indian Child Welfare Act.

### Section 40.1 – Legislative Purpose and Policy
The purpose of this act is to clarify state policies and procedures for implementing the federal Indian Child Welfare Act, 25 U.S.C. §§ 1901–1963. The State of Oklahoma recognizes the tribal interest in Indian children and affirms that such interest exists regardless of whether the child has had previous tribal contact.

### Section 40.2 – Definitions
Key definitions align with the federal ICWA, including:
- Indian child: an unmarried person under age 18 who is a member or eligible for membership in a federally recognized Indian tribe and is the biological child of a member.
- Indian custodian: any Indian person with legal custody of an Indian child under tribal or state law or custom.
- Indian tribe: any tribe, band, or group recognized by the federal government.

### Section 40.3 – Applicability of the Act
This act applies to all child custody proceedings involving Indian children, including foster care placement, termination of parental rights, preadoptive and adoptive

placements, whether voluntary or involuntary. Exceptions include custody arising in divorce or delinquency unless termination is sought.

### Section 40.4 – Tribal Notice Requirements

Before any involuntary foster care or termination proceeding involving an Indian child, notice must be sent to the child's tribe. Notice must be sent by certified mail with return receipt requested and must advise the tribe of its right to intervene.

### Section 40.5 – Emergency Removal and Placement

State agencies may temporarily remove an Indian child in emergency situations but must ensure actions are consistent with ICWA and OICWA. Prompt efforts must be made to notify the tribe and restore compliance with placement preferences and jurisdictional standards.

### Section 40.6 – Placement Preferences

Placement of Indian children must follow a preference order:
1. Extended family members
2. Other members of the child's tribe
3. Other Indian families

Departures from these preferences must be supported by good cause and documented on the record.

### Section 40.7 – Jurisdiction and Tribal-State Agreements

The state may enter agreements with tribes regarding jurisdiction over child custody proceedings, fostering respect for tribal court determinations and concurrent jurisdiction standards.

### Section 40.8 – Payment for Foster Care and Services

The state may pay for foster care, legal services, and other necessary services for Indian children as part of its obligations under this Act and ICWA.

### Section 40.9 – Records and Confidentiality

State agencies must maintain records of Indian child placements, including reasons for departures from placement preferences, and make them available to the Secretary of the Interior upon request.

Exhibit I → sovereignty packet (a)

Treaty of Anadarko (b)

DOI    CDIB
Letter    (c)

Tribal Parlance (d)

O.V. Transcript (e)